IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06 C 787 |
| JOHN DOSSEY, KEVIN LAUDE, DENNIS ROGERS, JOHN RAYBURN, DROPKA & RAYBURN FIRE, INC., KEVIN MCMAHON, and ALLSTATE INSURANCE CORP., | ) HONORABLE CHARLES R. NORGLE ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff's Motion for Leave to file a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, the court, *sua sponte*, denies Plaintiff's Motion and dismisses the cause of action.

**I. BACKGROUND**

**A. Facts**

This case arises out of a fire at the home of Gurprett Gill ("Gill"), at 1174 San Simeon in Hanover Park, Illinois on March 26, 2002. At the time of the fire, Gill had leased the home to Plaintiff Mary Johnson ("Johnson"). At 8:00 a.m., the DuPage County Fire Investigation Task Force responded to Gill's residence along with Defendant John Dossey ("Dossey"), of the Hanover Park Police Department, Defendant Dennis Rogers ("Rogers") of the DuPage County Sherrif's Department, and various other law enforcement officials. At approximately 12:30 p.m., Dossey and Rogers interviewed

1

Johnson.

According to the proposed Amended Complaint, on the day of the fire, March 26, 2002, Johnson filed a claim with Allstate Insurance Company ("Allstate") for property losses that resulted from the fire. On April 3, 2002, McMahon and John Rayburn ("Rayburn") investigated the property at 1174 San Simeon, but did not take any samples from the site. Also on April 3, McMahon interviewed Johnson in regards to her insurance claim. McMahon interviewed Johnson again on April 5, 2002.

Prior to April 5, 2002, the DuPage County Fire Investigation Task Force ("Task Force") issued its report regarding the fire, including a "cause and origin report" stating that the cause of the fire was undetermined and that no accelerants were found anywhere on the property.

Then, on April 11, 2002, Rayburn returned to 1174 San Simeon and collected samples from the fire and submitted them to Great Lakes Analytical, Inc. in order to determine whether any flammable liquids or incendiary devices were used to start the fire. On April 17, 2002, Great Lakes provided its report to McMahon, Rayburn, Dossey, Rogers and Defendant Kevin Laude ("Laude") of the DuPage County State's Attorneys Office. The report indicated that the tests of the samples were inconclusive, and that no ignitable liquids or accelerants were found in the samples given to the laboratory.

On June 25, 2002, Allstate denied Johnson's claim on the fire of March 26. Then, on August 13, 2002, Johnson was arrested and charged with arson, pursuant to a complaint sworn to by Dossey. The DuPage County State's Attorney subsequently obtained a grand jury indictment for the charge of arson against Johnson on September 2, 2002. In late January 2004, Johnson was found guilty of Aggravated Arson and Insurance Fraud, and was sentenced to nine and a half years imprisonment. Johnson remained in prison from January 23, 2004 through February 10, 2005, whereupon she was released from custody. In late February 2005 Johnson was granted a new trial. On September 2, 2005,

Johnson was acquitted of all charges.

## B. Procedural History

On February 10, 2006, Johnson filed her initial Complaint, alleging false imprisonment, malicious prosecution, and conspiracy in violation of 42 U.S.C. § 1983. On April 25, 2006, Defendants Dossey and Hanover Park filed their Motion to Dismiss. Then, on May 4, 2006, the court entered the following Minute Order:

> In regards to the Motion to Dismiss, see Wallace v. City of Chicago, 440 F.3d 421, 425 (7th Cir. 2006); Sornberger v. City of Knoxville, Ill., 434, F.3d 1006, 1014 (7th Cir. 2006) ("whether a reasonable officer could have had believed that he had probable cause is usually decided by the court before trial."); see also Pourghoraishi v. Flying J., et al., - - F.3d - -, 2006 WL 1028685 (7th Cir. Apr. 20, 2006).
> Probable cause "to arrest is an absolute defense to any claim under Section 1983 against police officer for wrongful arrest, false imprisonment, or malicious prosecution." Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) (quoting Potts v. City of Lafayette, 121 F.3d 1106, 1113 (7th Cir. 1997). An "*ex parte* finding of probable cause such as grand jury indictment provides adequate assurance that the suspension is not unjustified." Gilbert v. Homar, 520 U.S. 924, 934 (1997) (quoting FDIC v. Mallen, 486 U.S. 230, 240-41 (1988)).
> Furthermore, "evidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident 'since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" Estate of Moreland v. Dieter, 395 F.3d 747, 755 (7th Cir. 2005) (quoting Borunda v. Richmond, 885 F.2d 1284, 1287 (9th Cir. 1989)).

On May 5, 2006, Allstate and McMahon filed their Motion to Dismiss. At ensuing status hearings, the court brought to Plaintiff's counsel's additional problems with this case. See United States v. Lenoir, 318 F.3d 725, 728 (7th Cir. 2003). Then, on May 17, 2006, Johnson filed her Motion to File an Amended Complaint.

## II. DISCUSSION

### A. Standard of Review

Once an adverse party has responded to the initial complaint in an action, "a party may

amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While leave to file an amended complaint should be granted liberally, "a district court may deny leave for several reasons including: 'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004) (quoting Park v. City of Chicago, 297 F.3d 606, 612 (7th Cir. 2002)). However, "delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint." Id. Furthermore, "a district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002). The district court has a wide range of discretion to grant or deny a motion to amend a complaint. See Dubicz, 377 F.3d at 792.

## B. Johnson's § 1983 Claim

### 1. 42 U.S.C. § 1983

Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law. . . ." 42 U.S.C. § 1983; see Thurman v. Vil. of Homewood, 446 F.3d 682, 686-87 (7th Cir. 2006). Furthermore, "the statute of limitations applicable to claims under 42 U.S.C. § 1983 in Illinois is the same two-year provision which governs personal injury actions in the state, 735 ILL. COMP. STAT. 5/13-202." Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir. 2006).

Finally, the "court notes that nothing in either federal law or Illinois law tolls or delays

4

the running of an applicable statute of limitations on a § 1983 claim until criminal proceedings are concluded." Id. (citing Pitts v. City of Kankakee, 267 F.3d 592, 595 (7th Cir. 2001) ("normally, the statute beings to run from the date of an injury" on a § 1983 claim)). With these principles in mind, we turn to Johnson's Complaint.

### 2. *Johnson's Claim was filed past the two year statute of limitations*

Johnson's false imprisonment and false arrest claims are subject to the "two-year statute of limitations supplied by Illinois law under 735 ILL. COMP. STAT. 5/13-202." Wallace v. City of Chicago, 440 F.3d 421, 425 (7th Cir. 2006). Therefore, the court must determine when the statute of limitations began to run on Johnson's claim, in order to decide whether her complaint was timely filed. See Evans, 434 F.3d at 934. If the time began to accrue on August 13, 2002, when Johnson was arrested, then she had until August 13, 2004 to file her complaint. Alternatively, if the statute of limitations began to accrue on September 2, 2005, the date of Johnson's acquittal in her new trial, than she has until September 2, 2007 to file her claim.

When an individual's Fourth Amendment rights "have been violated, by a false arrest, the injury occurs at the time of the arrest." Wallace, 440 F.3d at 425. Put another way, "a § 1983 unlawful arrest claim . . . accrue[s] on the day of arrest." Id. (quoting Booker v. Ward, 94 F.3d 1052, 1056-57 (7th Cir. 1996)); see Ollins v. O'Brien, 2006 WL 1519286, *2 (N.D. Ill. May 26, 2006) ("Reading [Plaintiffs] complaint in light of Wallace, the Court holds that plaintiffs' false arrest and excessive force claims based on the Fourth Amendment and any conspiracy allegations. . . are time barred."). Therefore, those "who wish to preserve a claim for false arrest or similar Fourth Amendment violations should file their civil rights actions at the time of arrest." Wallace, 440 F.3d at 427.

The court further notes that the "question of the proper rule for accrual is an issue that has

5

divided" the circuits. Id. at 428. The Wallace court conducted an extensive analysis of the diverse rulings among the circuits on this issue. See id. (discussion of split among the circuits regarding the accrual of § 1983 causes of action); see also Gibson v. Superintendant of N.J. Dept. of Law & Public Safety Div. of State Police, 411 F.3d 427, 436 (6th Cir. 2005)("the two-year limitation period for [Plaintiff's] section 1983 false arrest and false imprisonment claims began to run . . . the night of [Plaintiff's] arrest and detention."). However, as noted earlier, the settled law in the Seventh Circuit is that a plaintiff's cause of action for § 1983 false arrest and false imprisonment claims begins to run on the "day of the arrest." Wallace, 440 F.3d at 427.

Having concluded that the statute of limitations for § 1983 claims begins to run at the time of the arrest, the court finds that Johnson's time to file her cause of action began to accrue on August 13, 2002. Therefore, Johnson's complaint, which was filed on February 10, 2006, is untimely. Johnson submits no case law or statute, which persuades this court to adopt the minority view, and hold that the time for accrual does not begin until the criminal conviction is nullified. See Wallace, 440 F.3d at 431 (Posner, J. dissenting). There is "nothing in either federal law or Illinois law which tolls or delays the running of an applicable statute of limitations on a § 1983 claim until criminal proceedings are concluded." Evans, 434 F.3d at 934. "By aligning ourselves with one side of this debate, we do not break any new ground." Wallace, 440 F.3d at 429.

This approach makes eminent sense. A plaintiff has reason to believe that his constitutional rights have been violated at the time of an alleged false arrest or false imprisonment. The plaintiff does not realize that he has a cognizable claim only after he receives an acquittal from a trial court. Here, Johnson knew that she had reason to file a cause of action at the time of her arrest, because it was at that moment in time that, according to her, she

6

believed she was the victim of a false arrest and false imprisonment. Johnson did not suddenly realize that the police officers may have violated her constitutional rights on September 2, 2005, over three years after her initial arrest.

## C. Probable Cause to Arrest and Grand Jury's Finding of Probable Cause

Even though the court has dispositively found that Johnson's complaint was untimely, with an abundance of caution, the court will analyze the issue of probable cause.

In order for a law enforcement officer to posses probable cause for an arrest, he or she must "reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect has committed or was committing an offense." United States v. Parra, 402 F.3d 752, 764 (7th Cir. 2005) (quoting Payne v. Pauley, 337 F.3d 767, 776 (7th Cir. 2003)). The officer's determination of probable cause centers around "an exercise of judgment which 'turns on the assessment of probabilities in particular factual contexts, not readily, or even usefully, reduced to a neat set of facts.'" Id. (quoting Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir. 1993)). The probable cause standard "applies to all arrests, without the need to 'balance' the interest and circumstances involved in particular situations." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (quoting Dunaway v. New York, 442 U.S. 200, 208 (1979)); United States v. Breit, 429 F.3d 725, 728 (7th Cir. 2005) ("[P]robable cause is a fluid concept based on common-sense interpretations of reasonable police officers. . . .") (quoting United States v. Brown, 366 F.3d 456, 458 (7th Cir. 2004)). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 US 213, 245 n. 13 (1983).

Furthermore, under the "collective knowledge" doctrine, when "law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the

other officers." Lenoir, 318 F.3d at 728. The officer who actually makes the arrest, or files the complaint, "need not personally know all the facts that constitute probable cause if they reasonably are acting at the discretion of another officer . . . ." United States v. Parra, 402 F.3d 752, 764 (7th Cir. 2005). In such a case, "the arrest is proper so long as the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause."

Here, over thirty different individuals were involved in the investigation of the fire at 1174 San Simeon. Laude did not conduct his own investigation in a vacuum, without the assistance of the Task Force, and the independent laboratory that tested samples from the fire. Laude relied on all of this information when he obtained the complaint against Johnson, and the subsequent indictment from the grand jury. As a result, the collective knowledge of all the individuals involved in this case is imputed to Laude, and the State's Attorneys Office. See Parra, 402 F.3d at 764.

Moreover, probable cause "to arrest is an absolute defense to any claim under Section 1983 against police officer for wrongful arrest, false imprisonment, or malicious prosecution." Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) (quoting Potts v. City of Lafayette, 121 F.3d 1106, 1113 (7th Cir. 1997)). An "*ex parte* finding of probable cause such as grand jury indictment provides adequate assurance that the suspension is not unjustified." Gilbert v. Homar, 520 U.S. 924, 934 (1997) (quoting FDIC v. Mallen, 486 U.S. 230, 240-41 (1988)).

Here, Plaintiff fails to allege whether the police obtained a warrant for Johnson's arrest, after Dossey had filed his complaint for arson against her. Furthermore, Johnson was represented at all times during criminal proceedings by counsel. The Complaint is silent in regards to pretrial motions as to the arrest in the state criminal case. Assuming that Johnson herself was not aware

8

that she had possible false arrest and false imprisonment claims at the time of her arrest, her attorney would have known whether probable cause existed at the time of the preliminary hearing, four years before this instant cause of action was commenced.

Johnson has offered nothing to support her claim that Defendants lacked probable cause to arrest, file a complaint, and eventually indict her. Over thirty individuals from various law enforcement agencies, as well as an independent laboratory assisted in the investigation of the cause of the fire at 1174 San Simeon. After a thorough investigation, the DuPage County State's Attorneys Office decided to file a complaint against Johnson for arson. Furthermore, a grand jury found probable cause to issue an indictment on arson and insurance fraud. Johnson cannot now challenge the existence of probable cause, when a "grand jury indictment provides adequate assurance that the suspension is not unjustified." Gilbert, 520 U.S. at 934.

## III. CONCLUSION

Because the court has determined that Johnson missed the two-year time period to file her § 1983 claim, any motion to amend a complaint would be futile. See Park, 297 F.3d at 613. Therefore, the court, *sua sponte*, denies Johnson's Motion to Amend the Complaint, and dismisses the Complaint as to all § 1983 claims. Lastly, the court relinquishes jurisdiction on the remaining state court claims.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 6-16-06

9